NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 5 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYNTHIA HORNER, | No. 12-16398 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00269-JCM-GWF |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Cynthia Horner appeals pro se from the district court's judgment dismissing her diversity action alleging deceptive trade practices arising out of foreclosure-related proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rules of Civil Procedure 9(b) and 12(b)(6). *Vess v.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). We affirm.

The district court properly dismissed Horner's Nevada Deceptive Trade Practices Act ("DTPA") claim because Horner did not allege facts sufficient to show that defendants' allegedly deceptive practices related to goods or services. *See Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 972 (9th Cir. 2017) (noting that "a real estate loan is neither a good nor a service within the meaning of [the DTPA]" and predicting that the Nevada Supreme Court will hold that the DTPA does not regulate real estate loans); *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007) (if the state's highest court has not addressed an issue, federal courts must predict how the state's highest court would decide); *see also* Nev. Rev. Stat. §§ 598.0915(1)-(16) (defining deceptive trade practices). Moreover, the district court properly concluded that Horner failed to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (discussing Rule 9(b)'s pleading requirement).

The district court did not abuse its discretion in declining to grant Horner leave to amend the DTPA claim because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (setting forth standard of review and explaining that leave to amend can be denied if amendment would be futile).

12-16398

We reject as without merit Horner's contention that the district court abused its discretion by deciding defendants' motion to dismiss on the briefs and not providing Horner an opportunity to conduct discovery. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (rejecting argument that plaintiff was entitled to discovery prior to court ruling on motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)).

We do not consider matters not specifically and distinctly raised and argied in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**