NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 03 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| LEONARD TYSON; MARY ANN TYSON, | ) ) ) | No. 15-17016 |
| Plaintiffs-Appellants, | ) ) | D.C. No. 5:12-cv-03766-HRL |
| v. | ) ) | MEMORANDUM* |
| TD SERVICES COMPANY; U.S. BANK N.A., | ) ) ) | |
| Defendants-Appellees, | ) ) | |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding

Submitted April 17, 2017**
San Francisco, California

Before: FERNANDEZ and MURGUIA, Circuit Judges, and CURIEL,*** District
Judge.

Leonard Tyson appeals the district court's judgment in favor of T.D. Service

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

***The Honorable Gonzalo P. Curiel, United States District Judge for the
Southern District of California, sitting by designation.

Company ("T.D. Service") and U.S. Bank National Association, individually and as Trustee for Chevy Chase Funding LLC Mortgage Backed Certificates Series 2005-C Trust and as Trustee for CCB Libor Series 2005 C Trust (collectively "U.S. Bank"). We affirm.

(1) Tyson asserts that the district court erred when it granted T.D. Service's motion to dismiss[1] Tyson's claim that T.D. Service violated the Fair Debt Collection Practices Act ("FDCPA")[2] when, as the trustee under a deed of trust, it took steps to enforce the provisions of that deed of trust. We do not agree.

Tyson's claims are based upon alleged violations of certain sections of the FDCPA. *See* 15 U.S.C. §§ 1692e, 1692g and 1692f(6).[3] However, T.D. Service is merely a security enforcer and, therefore, is not subject to the provisions of § 1692e or § 1692g because it is not a debt collector under the general definition.[4] *See Ho v. ReconTrust Co., NA*, 840 F.3d 618, 620–22 (9th Cir. 2016); *see also Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969–70 (9th Cir. 2017). Moreover, while T.D. Service "is a debt collector under the narrow definition" in

---

[1]*See* Fed. R. Civ. P. 12(b)(6).

[2]15 U.S.C. §§ 1692-1692p.

[3]Hereafter, all references to section numbers are to sections of Title 15 of the United States Code unless otherwise stated.

[4]*See* § 1692a(6); *see also* § 1692a(5).

2

§ 1692f(6), that section would only "protect a consumer against . . . abusive practices of a security enforcer." *Ho*, 840 F.3d at 622. Here the practices that T.D. Service engaged in were strictly in accordance with the law of California regarding the nonjudicial foreclosure duties of a trustee under a deed of trust. *See id.* at 622–24. We recognize that Tyson asserts that T.D. Service did not take steps to substantiate the beneficiary's right to foreclose on Tyson's property, but that is not a duty that California imposes upon trustees. *See Biancalana v. T.D. Serv. Co.*, 56 Cal. 4th 807, 819, 300 P.3d 518, 525, 156 Cal. Rptr. 3d 437, 446 (2013); *see also* Cal. Civ. Code §§ 2920.5(a) (a trustee is not a mortgage servicer), 2924.17 (mortgage servicers have a duty to substantiate); *cf. Dowers*, 852 F.3d at 967, 971 (holding claims spelled out against mortgage servicer in Nevada).

(2)     Tyson also asserts that the district court erred when it granted U.S. Bank's motion to dismiss[5] Tyson's claim that U.S. Bank is responsible for violations of the Truth in Lending Act ("TILA")[6] because it is the assignee of the original lender, which did not give Tyson a correct loan disclosure statement,[7] and

---

[5]*See* Fed. R. Civ. P. 12(b)(6).

[6]§§ 1601-1667f.

[7]*See* § 1641(e); *see also* § 1639(a)(2).

because it did not give Tyson notice of the transfer of the loan to itself.[8]  We disagree because Tyson's claim is barred by the statute limiting actions under TILA.  *See* § 1640(e).  That statute limited the time to commence this action to one year.  *Id.*[9]  That time has long since passed—the loan was made in 2005 and the transfer took place by 2009, but the action was not filed until 2012.

Tyson argues that he could still assert "a violation of" TILA "as a matter of defense by recoupment or set-off."  § 1640(e).  Of course, as with any defense, that must be asserted "in an action to collect the debt which was brought" against him.  *Id.*; *see also Beach*, 523 U.S. at 417–18, 118 S. Ct. at 1412.  But this case is not an action brought to enforce the debt against him in whole or in part.  If an action of that type is brought, he can assert his recoupment or set-off defense in that action "except as otherwise provided by State law."  § 1640(e).  The district court did not err.[10]

AFFIRMED.

---

[8]*See* § 1641(g).

[9]Had Tyson desired to rescind, the right to do so expired after three years.  *See* § 1635(f); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 415–19, 118 S. Ct. 1408, 1411–13, 140 L. Ed. 2d 566 (1998); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).

[10]The district court did not abuse its discretion when it dismissed without leave to amend; it did give Tyson an opportunity to amend, and he did not take advantage of that.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009).