NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICK GREER, | No. 15-35691 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05594-RJB |
| v. | |
| GREEN TREE SERVICING LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted December 18, 2017[**]

Before:  WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Rick Greer appeals pro se from the district court's summary judgment in his action alleging Fair Debt Collection Practices Act ("FDCPA") and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Glenn v. Washington County*, 673 F.3d 864, 870 (9th Cir. 2011). We may affirm on any

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

basis supported by the record.  *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 778 (9th Cir. 2017).  We affirm.

Summary judgment on Greer's 15 U.S.C. §§ 1692e and 1692g claims against defendant Green Tree Servicing LLC based on communications received by Greer before July 25, 2013 was proper because Greer failed to file his suit within one year of Green Tree's alleged violations.  *See* 15 U.S.C. § 1692k(d) (a claim under the FDCPA must be brought "within one year from the date on which the violation occurs").

Summary judgment on Greer's §§ 1692e and 1692g claims against Green Tree based on communications received by Greer after July 25, 2013, and against defendants Northwest Trustee Services, Inc. and RCO Legal, P.S., was proper because the communications were not attempts to collect a debt as defined by the FDCPA.  *See Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017) (explaining that "while the FDCPA regulates security interest enforcement activity, it does so *only* through Section 1692f(6)," and that "[a]s for the remaining FDCPA provisions, 'debt collection' refers only to the

collection of a money debt").

The district court properly granted summary judgment on Greer's claims under § 1692f because Greer failed to raise a genuine dispute of material fact as to whether defendants' conduct was unfair or unconscionable. *See* 15 U.S.C. § 1692f(6); *Ho*, 858 F.3d at 573 (§ 1692f(6) only protects a consumer against abusive practices of a security enforcer); *Dowers*, 852 F.3d at 971 (discussing protections for borrowers set forth in § 1692f(6)).

The motion of Northwest's counsel, RCO Legal, to withdraw (Docket Entry No. 34) is granted. The Clerk shall serve this order on Northwest Trustee Services, Inc. at the address provided in counsel's motion to withdraw: General Counsel, 13555 S.E. 36th St., Ste. 300, Bellevue, WA 98006.

**AFFIRMED.**