NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH M. HAMILTON, | No. 15-15473 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00708-GMS |
| v. | |
| TIFFANY & BOSCO PA; SETERUS, INC., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted February 13, 2018**

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Joseph M. Hamilton appeals pro se from the district court's order dismissing

his action alleging Fair Debt Collection Practices Act ("FDCPA") and state law

claims relating to foreclosure proceedings. We have jurisdiction under 28 U.S.C. §

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and we may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Hamilton's FDCPA claim was proper because Hamilton failed to allege facts sufficient to show that the alleged communications were attempts to collect a "debt" as defined by the FDCPA. *See Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017) (explaining that "while the FDCPA regulates security interest enforcement activity, it does so only through Section 1692f(6)," and that "[a]s for the remaining FDCPA provisions, 'debt collection' refers only to the collection of a money debt").

The district court did not abuse its discretion by denying without prejudice Hamilton's motion for leave to amend the complaint because Hamilton failed to attach the proposed amended complaint in violation of the local rules. *See Waters v. Weyerhaeuser Mortg. Co.*, 582 F.2d 503, 507 (9th Cir. 1978) (court has

15-15473

discretion to deny motion to amend for failing to attach proposed pleading as required by local rule).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Hamilton's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (the district court may in its discretion "decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (citation omitted)).

**AFFIRMED.**

15-15473