NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PERLA A. HERNANDEZ, | No. 16-15901 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01043-GMN-VCF |
| v. | |
| WELLS FARGO HOME MORTGAGE, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Perla A. Hernandez appeals pro se from the district court's order dismissing

her action alleging violations of the Fair Debt Collection Practices Act

("FDCPA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed Hernandez's FDCPA claim against MTC Financial Inc. because the alleged communication was not an attempt to collect a debt as defined by the FDCPA. *See Ho v. ReconTrust Co., N.A.*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017) (explaining that "while the FDCPA regulates security interest enforcement activity, it does so *only* through Section 1692f(6)," and that "[a]s for the remaining FDCPA provisions, 'debt collection' refers only to the collection of a money debt").

The district court properly dismissed Hernandez's FDCPA claim against Wells Fargo Home Mortgage, Inc. ("Wells Fargo") because Hernandez failed to allege facts sufficient to show that Wells Fargo was a debt collector under the FDCPA. *See* 15 U.S.C. § 1692a(6)(F)(iii) (excluding from the definition of debt collector "any person collecting . . . a debt which was not in default at the time it was obtained by such person").

We do not consider matters not properly raised before the district court, or matters not specifically and distinctly raised and argued in the opening brief. *See*

*Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**