NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 27 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL WAGNER IV; MONICA WAGNER, | No. 15-16267 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-00506-JCM-VCF |
| v. | |
| NATIONAL DEFAULT SERVICING CORPORATION; U.S. BANK, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 13, 2018**

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Paul Wagner IV and Monica Wagner appeal pro se from the district court's

judgment dismissing their action alleging Fair Debt Collection Practices Act

("FDCPA") claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We affirm.

The district court properly dismissed the Wagners' action because the communications at issue do not constitute attempts to collect a debt under the FDCPA. *See Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017) (explaining that "while the FDCPA regulates security interest enforcement activity, it does so *only* through Section 1692f(6)," and that "[a]s for the remaining FDCPA provisions, 'debt collection' refers only to the collection of a money debt").

We do not consider matters not properly raised before the district court, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit the Wagners' contentions related to Mortgage Electronic Registration Systems, Inc., securitization of the loan, NDSC's joinder in the motion to dismiss, and the Wagners' entitlement to discovery and a jury trial.

The Wagners' motion for default judgment (Docket Entry No. 6) is denied.

**AFFIRMED.**

2                                                                          15-16267