**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEO KRAMER; AUDREY KRAMER, Plaintiffs-Appellants, v. JP MORGAN CHASE BANK, N.A.; et al., Defendants-Appellees. | No. 18-15959 D.C. No. 3:18-cv-00001-MMD-WGC MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted May 21, 2019[**]

Before:     THOMAS, Chief Judge, LEAVY and FRIEDLAND, Circuit Judges.

Leo Kramer and Audrey Kramer appeal pro se from the district court's

judgment dismissing their action alleging federal and state law claims arising out

of foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a district court's dismissal under Federal Rule of Civil Procedure

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

12(b)(6).  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).   We may affirm on any basis supported by the record.  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).  We affirm.

The district court did not abuse its discretion in applying judicial estoppel to the Kramers' Fair Debt Collection Practices Act ("FDCPA") and slander of title claims based on conduct before the bankruptcy discharge because these claims were omitted from Leo Kramer's bankruptcy schedules, and the Kramers failed to allege facts sufficient to show that the omission was due to inadvertence or mistake.  *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-83 (9th Cir. 2001) (setting forth the standard of review and explaining that "a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements"); *see also Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 271-73 (9th Cir. 2013) (explaining application of judicial estoppel in the bankruptcy context and effect of an inadvertent or mistaken omission from a bankruptcy filing; the court applies a "presumption of deliberate manipulation" when a plaintiff-debtor has not reopened bankruptcy proceedings).

Dismissal of the Kramers' FDCPA and slander of title claims arising from post-bankruptcy conduct was proper because plaintiffs failed to allege facts sufficient to state a plausible claim.  *See* 15 U.S.C. § 1692a(6)(F)(ii) (excluding

from the definition of debt collector a creditor collecting debts on its behalf); 15 U.S.C. §§ 1692e, 1692f; *Obduskey v. McCarthy & Holtus, LLP*, 139 S. Ct. 1029, 1038 (2019) ("[B]ut for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the [FDCPA]."); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017) (discussing protections for borrowers set forth in § 1692f(6)); *Seeley v. Seymour*, 237 Cal. Rptr. 282, 288-89 (Ct. App. 1987) (setting forth elements of slander of title claim under California law); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

Dismissal of the Kramers' claims under 11 U.S.C. § 524 was proper because Leo Kramer's bankruptcy discharge did not affect the enforceability of JPMorgan Chase Bank, N.A.'s security interest. *See HSBC Bank USA, Nat'l Assn v. Blendheim (In re Blendheim)*, 803 F.3d 477, 493 (9th Cir. 2015) ("[A] discharge is neither effective nor necessary to void a lien or otherwise impair a creditor's state-law right of foreclosure.").

The district court did not abuse its discretion in denying leave to amend because amendment would have been futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that dismissal without leave to

amend is proper if amendment would be futile).

The district court did not abuse its discretion by staying discovery pending resolution of defendants' motions to dismiss because plaintiffs failed to demonstrate actual and substantial prejudice resulting from the denial. *See Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (standard of review); *Sablan v. Dep't of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988) (district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

We reject as without merit the Kramers' contention that the magistrate judge was biased.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The Kramers' request for judicial notice in support of the reply brief (Docket Entry No. 32) and the motion to file an oversized reply brief (Docket Entry No. 33) are granted. The Clerk is instructed to file the Kramers' oversized reply brief submitted at Docket Entry No. 34.

All other pending motions and requests are denied.

**AFFIRMED.**

18-15959