**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOWARD CLARK; MICHAEL SIMS, | No. 19-15042 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-06006-WHA |
| v. | |
| PERFECT BAR, LLC, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted February 14, 2020[**]
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and S. MURPHY,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Howard Clark and Michael Sims (Appellants) appeal the district court's dismissal of their putative consumer class action involving product-labeling claims against Perfect Bar, LLC (Perfect Bar). Appellants alleged that Perfect Bar's packaging led them to believe that the bars were healthy when in fact added sugar rendered the bars unhealthy. Appellants alleged that they relied on the following deceptive claims contained on the labeling and packaging: "20+ Superfoods," "17G PROTEIN," and "THE ORIGINAL REFRIGERATED PROTEIN BAR." Appellants also allegedly relied on two other Perfect Bar packaging statements that referred to the creator of the Perfect Bar as a "health food pioneer."

We review *de novo* a district court's grant of a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Dowers v. Nationstar Mortgage, LLC*, 852 F.3d 964, 969 (9th Cir. 2017). We apply the facial plausibility standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See e.g., Kwan v. SanMedica International*, 854 F.3d 1088, 1096 (9th Cir. 2017). As a federal court sitting in diversity, we apply the substantive law of California when assessing standing to assert a state law claim. *See Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015) (applying state law in holding that Appellant satisfied the standing requirements under California's Unfair Competition Law

(UCL), False Advertising Law (FAL), and Consumer Legal Remedies Act (CLRA)).

Appellants adequately met the standing requirements to pursue claims under the UCL, FAL, and CLRA. A consumer who "relies on a product label and challenges a misrepresentation contained therein can satisfy the [UCL] standing requirement . . . by alleging . . . that he or she would not have bought the product but for the misrepresentation." *Kwikset Corp. v. Sup. Ct.*, 246 P.3d 877, 890 (Cal. 2011); *see also Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1103 (9th Cir. 2013) (recognizing that the UCL and FAL standing requirements are identical); *Reid*, 780 F.3d at 958 (same for the UCL, FAL, and CLRA); *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1375 (2012) (same for the UCL and CLRA).

Appellants' state law claims predicated on the theory that the bars were mislabeled are preempted by the Nutritional Labeling and Education Act (NLEA), the Food, Drug, and Cosmetics Act (FDCA), and accompanying regulations. *See Hawkins v. Kroger Co.*, 906 F.3d 763, 769 (9th Cir. 2018) ("The [NLEA] amended the [FDCA] to establish uniform food labeling requirements"). The NLEA preempts all state law claims that "directly or indirectly establish any requirement for the labeling of food that is not identical to the federal requirements." *Id.* (citation and internal quotation marks omitted).

To the extent Appellants' claims advance the notion that Perfect Bar made an improper health claim due to added sugar levels in the bar, those claims are not viable. *See* 21 C.F.R. § 101.14(a)(1) (defining a health claim as a "claim made on the label or in labeling of a food . . . that expressly or by implication . . . characterizes the relationship of any substance to a disease or health-related condition"). However, the NLEA and its applicable regulations are silent on whether sugar levels preclude a product from making health claims. *See* 21 C.F.R. § 101.14(a)(4) (excluding sugar from an enumerated list of nutrient levels that may preclude a product from making health claims).

In *Hawkins*, we held that under the NLEA "no state may directly or indirectly establish any requirement for the labeling of food that is not identical to the federal requirements." 906 F.3d at 770 (citation and internal quotation marks omitted). Allowing a claim of misbranding under California law based on misleading sugar level content would "indirectly establish" a sugar labeling requirement "that is not identical to the federal requirements," a result foreclosed by our precedent. *Id.*[1]

**AFFIRMED.**

---

[1] Because Appellants acknowledged that their claims under N.Y. Gen. Bus. L. §§ 349 (Unfair Deceptive Business Practices) and 350 (False Advertising) are governed by similar standards, these claims also fail.