NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 31 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF CATHERINE BROWN MORRIS; et al., | No. 19-55092 |
| Plaintiffs-Appellants, | D.C. No. 5:18-cv-01973-SJO-SP |
| v. | |
| THE BANK OF NEW YORK MELLON, as successor-in-interest to JP Morgan Chase Bank, N.A., Trustee of Structured Asset Mortgage Investments II Trust 2005-AR8, a New York corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted March 30, 2021**

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

The Estate of Catherine Brown Morris and Toddella A. Brown, individually

and as trustee of the Catherine Brown Morris Revocable Living Trust, appeal the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's dismissal of their action alleging claims under federal and California law regarding a mortgage obtained by Brown Morris on a property in San Bernardino California. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *Perez v. Mortg. Elec. Reg. Sys., Inc.*, 959 F.3d 334, 337 (9th Cir. 2020), and we affirm.

Appellants failed to state a claim for wrongful foreclosure because they lack standing to challenge as voidable the assignments of the deed of trust recorded against the property, and they failed sufficiently to allege that the assignments were void. *See Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 858-59 (Cal. 2016) (borrower must show that challenged assignment is void); *Mendoza v. JPMorgan Chase Bank, N.A.*, 6 Cal. App. 5th 802, 820 (2016) (borrower lacks standing to challenge validity of "robo-signatures," which would make an assignment voidable, not void); *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 813-14 (2016) (borrower lacks standing to challenge violation of pooling and servicing agreement). Further, appellants cannot challenge the assignments as void under California law because when they filed their complaint, no foreclosure had taken place. *See Perez*, 959 F.3d at 340.

The district court properly dismissed various claims as barred by applicable statutes of limitations. Appellants' argument regarding the discovery rule lacks merit because with reasonable diligence, they could have discovered the existence

2

of the recorded assignments underlying their claims. *See MGA Entm't, Inc. v. Mattel, Inc.*, 41 Cal. App. 5th 554, 561 (2019). The continuing violations doctrine does not apply to appellants' claim under the Fair Housing Act. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982) (describing a continuing violation as a number of related incidents). Appellants' arguments regarding the merits of their claims for restitution, elder abuse, and quantum meruit fail to acknowledge that the district court dismissed these claims as time-barred.

The district court properly concluded that appellants failed to state a claim under the Truth in Lending Act or the Real Estate Settlement Procedures Act. *See* 12 U.S.C. § 2605; 15 U.S.C. § 1604; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (pleading standard).

As appellants argue, California's Fair Employment and Housing Act encompasses claims of housing discrimination. *See* Cal. Gov't Code § 12955(e) & (i). We nonetheless affirm on the ground that appellants failed sufficiently to allege which defendants committed which acts of discrimination. *See Iqbal*, 556 U.S. at 678 (pleading standard); *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020) (this court may affirm on any ground supported by the record).

Under the Fair Debt Collection Practices Act's general definition, defendants are not "debt collectors." *See* 15 U.S.C. § 1692a(6); *Obduskey v.*

*McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1033 (2019).  Appellants cannot state a claim for violation of 15 U.S.C. § 1692f(6), applicable to enforcers of security interests, because they cannot show that defendants lacked a present right to their property.  *See Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017) (discussing protections for borrowers set forth in § 1692f(6)).  Although mortgage lenders may qualify as debt collectors under California's Rosenthal Fair Debt Collection Practices Act, *Davidson v. Seterus, Inc.*, 21 Cal. App. 5th 283, 290 (2018), we affirm the dismissal of this claim on the ground that it is barred by the one-year statute of limitations, Cal. Civ. Code § 1788.30(f).

We affirm the dismissal of appellants' claim under California Penal Code § 496(c) on the ground that they failed sufficiently to allege any theft.  *See Switzer v. Wood*, 35 Cal. App. 5th 116, 119 (2019) ("Although section 496 defines a criminal offense, it also provides an enhanced civil remedy in the event there has been a violation of the statute—that is, where a person has knowingly received, withheld or sold property that has been stolen or that has been obtained in any manner constituting theft.").  We also affirm the dismissal of appellants' conversion claim.  *See Hernandez v. Lopez*, 180 Cal. App. 4th 932, 939-40 (2009) (elements of conversion).

Appellants failed to state a claim for breach of fiduciary duty because the financing of a loan does not create a fiduciary duty.  *See Kalnoki v. First Am.*

4

*Trustee Servicing Solutions, LLC*, 8 Cal. App. 5th 23, 40 (2017) (trustee of deed of trust is not true trustee with fiduciary obligations).

The district court properly dismissed appellants' unfair competition claim for failure sufficiently to allege damages, given that appellants remained in possession of the property. *See* Cal. Bus. & Prof. Code § 17204; *R&B Auto Ctr., Inc. v. Farmers Grp., Inc.*, 140 Cal. App. 4th 327, 360 (2006).

In summary, the district court properly dismissed appellants' claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and it did not abuse its discretion in dismissing without leave to amend. *See Perez*, 959 F.3d at 340.

Appellants' certification motions (Docket Entry Nos. 19 and 66) are denied. Appellants' motion to file an oversized reply brief (Docket Entry No. 65) is granted.

**AFFIRMED.**