NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ORESTES CROSS and VERONICA
O'NEILL,

Plaintiffs - Appellants,

v.

RLI INSURANCE COMPANY,

Defendant - Appellee.

No. 24-1539

D.C. No.
3:23-cv-04427-AMO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Araceli Martínez-Olguín, District Judge, Presiding

Submitted February 6, 2025[**]
San Francisco, California

Before: FORREST and SANCHEZ, Circuit Judges, and EZRA, District Judge.[***]

Plaintiffs-Appellants Orestes Cross and Veronica O'Neill appeal the

district court's dismissal of their diversity insurance coverage action against RLI

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Insurance Company.[1]  The district court concluded that Appellants were not entitled to underinsured motorist coverage because there was no underinsured motor vehicle as defined in either of their policies.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.    Background

Appellants were seriously injured in a motor-vehicle accident when they were "T-boned" by another driver.  The at-fault driver was covered by a State Farm auto insurance policy with coverage limits of $1,000,000 for bodily injury.  Appellants' damages exceeded the coverage limits under the State Farm policy, but the parties settled for an undisclosed amount.  Appellants held two insurance policies at the time of the accident: (1) an auto insurance policy issued by United Financial Casualty Company, which is a part of the Progressive Group of Insurance Companies (the "Progressive Policy"); and (2) a personal umbrella liability policy, issued by RLI (the "RLI Policy").

---

[1] The Complaint also brought suit against DOES 1-20.  The parties did not make any arguments with respect to these defendants, and the district court's order dismissing the case did not address them.  Any argument about DOES 1–20 is therefore waived. *See Freedom From Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1152 (9th Cir. 2018).

A. The Progressive Policy

The Progressive Policy provides underinsured motorist bodily injury coverage and states:

> If you pay the premium for this coverage, we will pay for damages that an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of bodily injury:
> 1. sustained by an insured person;
> 2. caused by an accident; and
> 3. arising out of the ownership, maintenance or use of an uninsured motor vehicle or underinsured motor vehicle.
>
> We will pay for damages an insured person is entitled to recover from the owner or operator of an underinsured motor vehicle only after the limits of liability under all applicable bodily injury liability bonds and policies have been exhausted by payment of judgments or settlements.

The Progressive Policy defines an "underinsured motor vehicle" as:

> [A] land motor vehicle or trailer to which a bodily injury liability bond, policy, cash deposit, or self-insurance certificate applies at the time of the accident, but the sum of all such bonds, policies, deposits or self-insurance is less than the coverage limit for Uninsured/Underinsured Motorist Coverage . . . .

The underinsured motorist coverage limits are $250,000 per person and $500,000 per accident.

B. The RLI Policy

The RLI Policy contains an "Excess Uninsured/Underinsured Motorist Endorsement" with a limit of $1,000,000 per accident. The RLI Policy requires

3                                                     24-1539

Appellants to carry primary underinsured motorist coverage ("Underlying Insurance") that meets certain requirements. Appellants acknowledge that the Progressive Policy qualifies as Underlying Insurance. The RLI Policy states:

> We will pay those sums which you or your Relative is legally entitled to recover as damages from an uninsured or underinsured motorist because of Bodily Injury to which this insurance applies, caused by an Accident and in excess of all Underlying Insurance up to and not to exceed the Excess Uninsured/Underinsured Motorists Limit of Coverage . . . . We will pay only in excess of the Uninsured/Underinsured Motorist Coverage required to be maintained under the [Underlying Insurance] Policies . . . . This coverage, except where provisions to the contrary appear in this policy including all endorsements, is subject to all the conditions, agreements, definitions, exclusions and limitations of, and shall follow the [Underlying Insurance] policy in all respects.
>
> This insurance applies only if:
>
> a. The policy limits of any and all Underlying Insurance have been exhausted by payment of judgments or settlements.
> b. You and your Relatives maintain Uninsured Motorist Coverage and Underinsured Motorist Coverage at limits equal to or greater than the Minimum Limits of [Underlying Insurance] Coverage. . . . Failure to maintain the applicable Minimum Limit of [Underlying Insurance] Coverage . . . eliminates coverage under this Excess Uninsured/Underinsured Motorist Coverage.

C. <u>Settlement, Claim Denial, and Subsequent Lawsuit</u>

After Appellants settled with the at-fault driver, they submitted a claim to RLI for benefits under the Excess Uninsured/Underinsured Motorist Endorsement. RLI denied this claim.

Appellants then brought this action, asserting claims: (1) declaratory relief; (2) breach of contract; and (3) breach of the covenant of good faith and fair dealing. The District Court dismissed Appellants' complaint without leave to amend.

## II.     Standard of Review

We review de novo a district court's order granting a motion to dismiss. *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017). We also review the district court's "interpretation of an insurance policy" and "interpretation of [California] law" de novo. *Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 624 (9th Cir. 1996). "Because this action was brought in federal district court under diversity jurisdiction, the substantive law of California, the forum state, applies." *St. Paul Fire & Marine Ins. Co. v. Weiner*, 606 F.2d 864, 867 (9th Cir. 1979).

## III.     Discussion

The California Insurance Code defines an "[u]nderinsured motor vehicle" as "a motor vehicle that is an insured motor vehicle but insured for an amount that is less than the uninsured motorist limits carried on the motor vehicle of the injured person." Cal. Ins. Code § 11580.2(p)(2). Underinsurance is not triggered when the at-fault driver's policy is greater than or equal to that of the insured. *See, e.g.*, *Elwood v. Aid Ins. Co.*, 880 F.2d 204, 207 (9th Cir. 1989); *Schwieterman v. Mercury Cas. Co.*, 280 Cal. Rptr. 804, 805 (Ct. App. 1991); *State Farm Mut. Auto*

*Ins. Co. v. Messinger*, 283 Cal. Rptr. 493, 496 (Ct. App. 1991). Here, because the at-fault driver's policy coverage limit was $1,000,000, it exceeded the $500,0000 limit of Appellants' Progressive Policy. There was therefore no "underinsured motor vehicle" under the Progressive Policy, and thus no underinsurance motor vehicle coverage under that policy. Appellants do not dispute that the Progressive Policy does not provide underinsurance motorist coverage for this accident.

"Excess" coverage "refers to indemnity coverage that attaches upon the exhaustion of underlying insurance coverage for a claim." *Powerine Oil Co. v. Super. Ct.*, 118 P.3d 589, 603 n.8 (Cal. 2005), *as modified* (Oct. 26, 2005), *as modified* (Oct. 27, 2005). "A following form excess policy has the same terms and conditions as the underlying primary policy." *Haering v. Topa Ins. Co.*, 198 Cal. Rptr. 3d 291, 296 (Ct. App. 2016).

Appellants conceded below that the RLI Policy is a follow form policy, therefore it adopts the definition of an "underinsured motor vehicle" from the Progressive Policy. And because there was no "underinsured motor vehicle" under the Progressive Policy, there was also no "underinsured motor vehicle" under the RLI Policy. Thus, the underinsured motorist coverage was not triggered under either policy. *See Garamendi v. Mission Ins. Co.*, 31 Cal. Rptr. 3d 395, 409 (Ct. App. 2005) (observing that "excess or umbrella coverages are designed to pick up where the primary insurance coverage leaves off, providing an excess layer of coverage

6                                                    24-1539

above the limit of the primary policy," and explaining that courts must read policy language "in a way that comports with the accepted understanding of excess coverage" (citation omitted)).

Appellants argue the Progressive Policy's definition of an "underinsured motor vehicle" conflicts with RLI Policy provisions because the RLI Policy follows the Progressive Policy "except where provisions to the contrary appear in [the RLI Policy]." They argue the RLI Policy should cover the damages they accrued in excess of the at-fault driver's insurance because the RLI Policy states it will provide underinsured motorist coverage "in excess of all Underlying Insurance."

Appellants' interpretation is not reasonable. *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995) ("A policy provision will be considered ambiguous when it is capable of two or more constructions, both of which are reasonable." (citation omitted)). Appellants seek payment of a claim based on underinsured motor vehicle insurance. The RLI Policy adopts the terms of the Progressive Policy, including that of an "underinsured motor vehicle." *Haering*, 198 Cal. Rptr. 3d at 296. There is no standalone definition of "underinsured motor vehicle" in the RLI Policy, also conceded by Appellants below. Therefore, there is no definition to conflict with.

For these reasons, the district court did not err in finding that the at-fault driver's vehicle was not underinsured and thus concluding that no underinsured motorist coverage could be triggered.

Because affirmance is warranted on this ground, we decline to reach the other issue Appellants raised. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) ("[W]e may affirm based on any ground supported by the record.").

**AFFIRMED.**