NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VESKO BORISLAVOV ANANIEV,<br><br>    Plaintiff-Appellant,<br><br>  v.<br><br>AURORA LOAN SERVICES, LLC; et al.,<br><br>    Defendants-Appellees. | No.    12-17108<br><br>D.C. No. 3:12-cv-02275-SI<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Vesko Borislavov Ananiev appeals pro se from the district court's judgment

dismissing his action alleging Fair Debt Collection Practices Act ("FDCPA") and

state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

a claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed Ananiev's FDCPA claims against Aurora Loan Services, LLC and Aurora Bank, FSB (the "Aurora Defendants") because Ananiev failed to allege facts sufficient to show that the alleged communications were attempts to collect a "debt" as defined by the FDCPA. *See Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017) (explaining that "while the FDCPA regulates security interest enforcement activity, it does so *only* through Section 1692f(6)," and that "[a]s for the remaining FDCPA provisions, 'debt collection' refers only to the collection of a money debt").

The district court properly dismissed Ananiev's FDCPA claim under § 1692f(6) because Ananiev failed to allege facts sufficient to show that the Aurora Defendants' conduct was unfair or unconscionable. *See* 15 U.S.C. § 1692f(6); *Ho*, 858 F.3d at 573 (stating that only § 1692f(6) protects a consumer against abusive practices of a security enforcer); *Dowers*, 852 F.3d at 971 (discussing protections

12-17108

for borrowers set forth in § 1692f(6)).

The district court properly dismissed Ananiev's FDCPA claims against Rosenthal Withem & Zeff, Robert L. Rosenthal, and Michael D. Zeff, and Ananiev's quiet title and fraud claims, because Ananiev failed to allege facts sufficient to state plausible claims for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Ananiev further leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**