NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL EMMANUEL POUTCHEU YOSSA,

Plaintiff-Appellant,

v.

COUNTRYWIDE HOME LOANS INC; et al.,

Defendants-Appellees.

No.   12-17704

D.C. No. 2:12-cv-00023-MCE-GGH

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted February 13, 2018**

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

This matter has been stayed since June 27, 2017, pending issuance of the

mandate in *Ho v. ReconTrust Co., N.A.*, No. 10-56884, or further order of the

court.  We hereby lift the stay.

Paul Emmanuel Poutcheu Yossa appeals pro se from the district court's

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment dismissing his action alleging Fair Debt Collection Practices Act ("FDCPA") and Real Estate Settlement Procedures Act ("RESPA") claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed Yossa's FDCPA claim because the alleged communications were not attempts to collect a debt as defined by the FDCPA, and Yossa failed to allege facts sufficient to show that defendants' conduct was unfair or unconscionable. *See Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970-71 (9th Cir. 2017) (explaining that "while the FDCPA regulates security interest enforcement activity, it does so *only* through Section 1692f(6)," and discussing protections for borrowers set forth in § 1692f(6)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation omitted)).

The district court properly dismissed Yossa's RESPA claim under 12 U.S.C.

§ 2605(e) because Yossa failed to allege facts sufficient to show that defendants were "servicers" subject to this provision. *See Medrano v. Flagstar Bank, F.S.B.*, 704 F.3d 661, 667 (9th Cir. 2012) (explaining that "only servicers of loans are subject to § 2605(e)'s duty to respond" to a qualified written request).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal, including the district court's failure to consider material outside of the complaint. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**