**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMA RIVERA,<br><br>      Plaintiff-Appellant,<br><br>  v.<br><br>NEW PENN FINANCIAL, LLC, DBA<br>Shellpoint Mortgage Servicing,<br><br>      Defendant-Appellee. | No. 16-15932<br><br>D.C. No. 2:15-cv-01332-JAD-GWF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Norma Rivera appeals pro se from the district court's judgment dismissing

her action alleging Fair Debt Collection Practices Act ("FDCPA") claims. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Kwan v.*

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).  We affirm.

The district court properly dismissed Rivera's FDCPA claim under 15 U.S.C. § 1692f(1) because Rivera failed to allege facts sufficient to show that the alleged communications were attempts to collect a "debt" as defined by the FDCPA.  *See Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970-71 (9th Cir. 2017) (explaining that "while the FDCPA regulates security interest enforcement activity, it does so *only* through Section 1692f(6)"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed Rivera's FDCPA claim under § 1692g because Rivera failed to allege facts sufficient to show that she made a timely debt validation request or that defendant's response failed to comply with the requirements of § 1692g.  *See* 15 U.S.C. § 1692g; *Iqbal*, 556 U.S. at 678.

The district court properly dismissed Rivera's FDCPA claims under

§§ 1692d, 1692j, and 1692i because Rivera failed to allege facts sufficient to state plausible claims for relief. *See* 15 U.S.C. §§ 1692d, 1692j and 1692i; *Iqbal*, 556 U.S. at 678.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-15932