NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARY L. BECKNER, individually, | No. 12-56945 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-03379-GHK-FFM |
| v. | |
| RECONTRUST COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

This matter has been stayed since February 2, 2015, pending issuance of the mandate in *Ho v. ReconTrust Co., N.A.*, No. 10-56884, or further order of the court.  We hereby lift the stay.

Mary L. Beckner appeals pro se from the district court's judgment

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing her action alleging Fair Debt Collection Practices Act ("FDCPA") and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and we may affirm on any ground supported by the record. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

Dismissal of Beckner's FDCPA claims was proper because the alleged communications were not attempts to collect a "debt" as defined by the FDCPA. *See Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA."); *see also Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017) (explaining that "the FDCPA regulates security interest enforcement activity . . . *only* through Section 1692f(6)," and that "[a]s for the remaining FDCPA provisions, 'debt collection' refers only to the collection of a money debt").

Dismissal of Beckner's FDCPA claim under 15 U.S.C. § 1692f(6) was proper because Beckner failed to allege facts sufficient to show that ReconTrust Company's conduct was unfair or unconscionable. *See* 15 U.S.C. § 1692f(6); *Ho*, 858 F.3d at 572-73 (determining that 15 U.S.C. § 1692f(6) protects a consumer

2                                                                12-56945

against abusive practices of a security enforcer); *Dowers*, 852 F.3d at 971 (discussing protections for borrowers under § 1692f(6)).

The district court did not abuse its discretion by ruling on ReconTrust Company's motion to dismiss without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. Civ. R. 7-15; *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 832 n.6 (9th Cir. 2003) ("The district court was within its discretion to dispense with oral argument." (citations omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Beckner's request to take judicial notice (Docket Entry No. 16) is denied.

**AFFIRMED.**