NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PERLA A. HERNANDEZ,　　　Plaintiff-Appellant,　v.　WELLS FARGO HOME MORTGAGE, INC.,　　　Defendant-Appellee. | No. 15-15563　D.C. No. 2:14-cv-01500-JCM-VCF　MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 13, 2018[**]

Before:　LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Perla A. Hernandez appeals pro se from the district court's judgement

dismissing her action alleging violations of the Fair Debt Collection Practices Act

("FDCPA") and state law claims.　We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a district court's dismissal under Federal Rule of Civil

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011). We affirm.

The district court properly dismissed Hernandez's FDCPA claims because Hernandez failed to allege facts sufficient to show that Wells Fargo is a "debt collector," and because the alleged communications were not attempts to collect a debt as defined by the FDCPA. *See* 15 U.S.C. § 1692a(6) (defining "debt collector"); *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) (establishing that debt collection is part of a defendant's business is insufficient to state an FDCPA claim); *Ho v. ReconTrust Co., NA,* 858 F.3d 568, 572 (9th Cir. 2017) ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA."); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017) (explaining that "while the FDCPA regulates security interest enforcement activity, it does so *only* through Section 1692f(6)," and that "[a]s for the remaining FDCPA provisions, 'debt collection' refers only to the collection of a money debt").

The district court properly dismissed Hernandez's remaining claims because Hernandez failed to allege facts sufficient to state any plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also* 15 U.S.C. §§ 1681e(b),

15-15563

1681s-2(b); *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996) (elements of claims for negligent hiring, and negligent training and supervision); *PETA v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1279 (Nev. 1995) (elements of invasion of privacy claim), *overruled on other grounds by City of Las Vegas Downtown Redev. Agency v. Hecht*, 940 P.2d 134, 138 (Nev. 1997)..

We do not consider matters not properly raised before the district court, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court because they are not part of the record on appeal. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

**AFFIRMED.**