**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIMOTHY BARNES,

Plaintiff-Appellant,

v.

ROUTH CRABTREE OLSEN PC; et al.,

Defendants-Appellees.

No. 16-35418

D.C. No. 3:15-cv-01001-BR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Timothy Barnes appeals pro se from the district court's judgment dismissing

his action alleging violations of the Fair Debt Collection Practices Act ("FDCPA")

and state law claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Barnes' request for oral argument, set forth in his opening brief, is denied.

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011). We affirm.

The district court properly dismissed Barnes' claims under the FDCPA and section 646.639 of the Oregon Unfair Trade Practices Act because the alleged communications were not attempts to collect a debt as defined by the FDCPA. *See Ho v. ReconTrust Co., NA*, 858 F.3d 568, 572 (9th Cir. 2017) (foreclosure actions are not attempts to collect "debt" as that term is generally defined by the FDCPA); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 970 (9th Cir. 2017) (explaining that "while the FDCPA regulates security interest enforcement activity, it does so *only* through Section 1692f(6)," and that "[a]s for the remaining FDCPA provisions, 'debt collection' refers only to the collection of a money debt"); *see also* Or. Rev. Stat. § 646.643 (compliance with the FDCPA demonstrates compliance with ORS 646.639).

The district court properly dismissed Barnes' civil conspiracy claim because Barnes failed to allege facts sufficient to state any plausible claim for relief. *See Granewich v. Harding*, 985 P.2d 788, 792-93 (Or. 1999) (civil conspiracy is not a separate theory of recovery; rather it is a way in which a person may become jointly liable for another's unlawful conduct).

The district court did not abuse its discretion by denying Barnes' motion for reconsideration under Federal Rule of Civil Procedure Rule 59(e) because Barnes

16-35418

failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We do not consider matters not properly raised before the district court, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-35418