**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILLIP D. JACKSON, | No. 17-56685 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-00044-CAS-KK |
| v. | |
| NATIONSTAR MORTGAGE LLC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, LEAVY and FRIEDLAND, Circuit Judges.

Phillip D. Jackson appeals pro se from the district court's order dismissing

his action alleging Fair Debt Collection Practices Act ("FDCPA") and state law

claims arising out of terminated foreclosure proceedings. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(6) for failure to state a claim. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). We affirm.

The district court properly dismissed Jackson's FDCPA claim under 15 U.S.C. § 1692f(6) because Jackson failed to allege facts sufficient to show that defendants' conduct was unfair or unconscionable. *See* 15 U.S.C. § 1692f(6) (prohibiting unfair or unconscionable conduct in enforcing a security interest); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017) (discussing protections for borrowers set forth in § 1692f(6)).

The district court properly dismissed Jackson's state law claims premised on Jackson's contention that defendants lacked an interest in the loan or the property because Jackson to failed to allege facts sufficient to state any plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted); *Daniels-Hall*, 629 F.3d at 998 ("We are not . . . required to accept as true allegations that contradict . . . matters properly subject to judicial notice . . . .").

The district court did not abuse its discretion by taking judicial notice of certain public records. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (setting forth standard of review and describing documents that a district court may take judicial notice of when ruling on a Rule 12(b)(6) motion).

17-56685

We do not consider Jackson's Truth in Lending Act rescission and accounting claims because Jackson failed to replead them in his operative complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012) (claims dismissed with leave to amend are waived if not repled).

The district court did not abuse its discretion by denying Jackson's motion for reconsideration under Federal Rule of Civil Procedure 59(e) because Jackson failed to establish any basis for relief. *See Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and requirements for reconsideration).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**