NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRMA J. GRANT, <br><br>       Plaintiff-Appellant, <br><br>   v. <br><br> SETERUS, INC.; et al., <br><br>       Defendants-Appellees. | No. 17-56907 <br><br> D.C. No. 2:16-cv-06692-SJO-AJW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted May 21, 2019[**]

Before:   THOMAS, Chief Judge, LEAVY and FRIEDLAND, Circuit Judges.

  Irma J. Grant appeals pro se from the district court's judgment in her action

alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and state

law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal under Federal Rule of Civil Procedure 12(b)(6). *Kwan v. SanMedica*

---

  [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).  We affirm.

The district court properly dismissed Grant's FDCPA claim against defendant Federal National Mortgage Association ("Fannie Mae") because Grant failed to allege facts sufficient to show that Fannie Mae was a debt collector under the FDCPA.  *See* 15 U.S.C. § 1692a(6)(F)(ii) (excluding from the definition of debt collector a creditor collecting debts on its behalf); *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 779, n.1 (9th Cir. 2017) ("Under the FDCPA, a creditor collecting debts on its own behalf is not a 'debt collector.'" (citation omitted)); *Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1208 (9th Cir. 2013) (plaintiff "must plead factual content that allows the court to draw the reasonable inference that [the defendant] is a debt collector" (citation and internal quotation marks omitted)).

The district court properly dismissed Grant's FDCPA claim brought under 15 U.S.C. § 1692f(6) against defendant Seterus, Inc. because Grant failed to allege facts sufficient to show that Seterus's conduct was unfair or unconscionable.  *See* 15 U.S.C. § 1692f(6) (prohibiting unfair or unconscionable conduct in enforcing a security interest); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017) (discussing protections for borrowers set forth in § 1692f(6)); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed Grant's cancellation of instrument claim because Grant failed to allege facts sufficient to state a plausible claim. *See Iqbal*, 556 U.S. at 678; *see also* Cal. Civ. Code § 3412 (grounds for cancellation of a written instrument).

The district court properly dismissed Grant's claim against Seterus under California's Unfair Competition Law ("UCL") because it was derivative of her § 1692f(6) claim. *See Prakashpalan v. Engstrom, Lipscomb & Lack*, 167 Cal. Rptr. 3d 832, 856 (Ct. App. 2014) ("To state a cause of action based on an unlawful business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law.").

We do not consider Grant's claim under California's Homeowner's Bill of Rights because Grant failed to replead it in her operative complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012) (claims dismissed with leave to amend are waived if not repled).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**