NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID ERIC BUSHLOW,<br><br>                    Plaintiff-Appellant,<br><br>   v.<br><br>MTC FINANCIAL, INC., DBA Trustee Corp, Inc.,<br><br>                    Defendant-Appellee. | No.    18-16687<br><br>D.C. No. 5:17-cv-06771-VKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Virginia K. DeMarchi, Magistrate Judge, Presiding[**]

Submitted May 21, 2019[***]

Before:    THOMAS, Chief Judge, LEAVY and FRIEDLAND, Circuit Judges.

David Eric Bushlow appeals pro se from the district court's judgment

dismissing his action alleging Fair Debt Collection Practices Act ("FDCPA")

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claims against the foreclosure trustee.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).  We affirm.

The district court properly dismissed Bushlow's FDCPA claim under 15 U.S.C. § 1692f(6) because Bushlow failed to allege facts sufficient to show that defendant's conduct was unfair or unconscionable.  *See* 15 U.S.C. § 1692f(6) (prohibiting unfair or unconscionable conduct in enforcing a security interest); *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017) (discussing protections for borrowers set forth in § 1692f(6)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed Bushlow's remaining FDCPA claims because defendant is not a debt collector except under 15 U.S.C. § 1692f(6).  *See Obduskey v. McCarthy & Holtus*, LLP, 139 S. Ct. 1029, 1038 (2019) ("[B]ut for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the [FDCPA]."); *Dowers,* 852 F.3d at 970 (explaining that "while the FDCPA regulates security interest enforcement activity,

it does so *only* through Section 1692f(6)").

**AFFIRMED.**